IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENDSIG, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>E LA CARTE, INC., dba PRESTO<br><br>         Defendant. | CIVIL ACTION NO.<br><br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR PATENT INFRINGEMENT

SendSig, LLC ("SendSig" or "Plaintiff") alleges the following as its Complaint for Patent Infringement against Defendant E La Carte, Inc. dba Presto ("Presto" or "Defendant"):

## THE PARTIES

1.     SendSig is a limited liability company organized and existing under the laws of the State of Georgia with its principal office at Day Building, 4725 Peachtree Corners Circle, Suite 320, Peachtree Corners, GA 30092.

2.     Defendant Presto is a Delaware corporation with a regular and established placed of business in Addison, Texas.  Upon information and belief, Presto has a regular and established place of business at 15105 Surveyor Blvd., Addison, Texas 75001. Presto may be served through its registered agent, InCorp Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701.

3.     Defendant Presto uses the tradename "Presto®" in branding and selling its products, services and media.

## JURISDICTION AND VENUE

4.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including §§ 271, 281, 284, and 285.

5.     Presto is subject to personal jurisdiction in this Court under 28 U.S.C. § 1400(b).  Presto has committed acts of infringement and maintains a substantial, regular, and established place of business in this district, employs numerous engineers in this district, has minimum contacts with Texas, and has purposefully availed itself of the privileges of conducting business here through the sale and marketing of products and services that infringe SendSig's patent throughout Texas and in this district.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement and has a regular and established place of business in this judicial district.

## FACTUAL BACKGROUND

7.     SendSig is the owner by assignment of all right, title and interest in and to United States Patent Number 6,292,164 B2, titled "System and Method for Character Display and Entry in Character Processing System" (the "'164 Patent"),

including the right to sue and collect damages for all past, present, and future infringement.

8.      Exhibit A is a true and correct copy of the '164 Patent.

9.      The '164 Patent issued from U.S. patent application number 09/191,774 (the "'774 Application") filed on November 13, 1998.

10.     Following a full and fair examination, the Patent Office issued the '164 Patent on September 18, 2001.

11.     The '164 Patent is valid and enforceable.

## SUBJECT MATTER OF THE '164 PATENT

12.     The '164 Patent describes a system and method for character display and entry in a character processing system.  The subject matter claimed in the '164 Patent relates to text processing and user input of information for a text processing system involving displaying a set of characters in a size larger than characters already accepted and displayed in the system.

13.     The '164 Patent recognized that an advantage of the inventions is "the ease of selection among the[] characters."

14.     The '164 Patent teaches a text input and processing system that receives a set of user inputs associated with a set of characters.  User input of characters is advantageously enabled by displaying characters for input in a larger size than characters already accepted and displayed in the system.

15.      The claims of the '164 Patent are directed to improving the ease of selection and accuracy of the characters selected and inputted.

16.      The claims of the '164 Patent are directed to a particular manner of displaying characters for input.

17.      Figures 6A and 6B from the '164 Patent illustrate characters accepted as input by the user and larger print character(s) for selection by the user. Displaying such characters in larger size eases user selection and input.



FIG. 6A                    FIG. 6B

## E LA CARTE/PRESTO



18.     Presto is the developer, owner, and distributor of Presto and Presto Prime devices such as those shown below that feature a touchscreen interface, credit card reader, and built-in printer.

19.     Presto makes, imports, markets, sells, offers to sell, tests, and/or uses the Presto point-of-sale ("Presto POS") system that includes software and hardware.

20.     The Presto POS system provides entertainment, ordering and pay-at-the-table functionality for restaurants.

21.     The original Presto technology and recently launched Presto Prime™ next generation tablets each feature tablet devices with encrypted credit card readers.



22.     Presto devices are specifically designed for the restaurant industry, are installed at customer seating, and are intended for engagement by restaurant customers.  Presto also markets a Presto Handheld tablet device for use by restaurant servers.



23.     Presto devices are in use in more than 1800 restaurant locations nationwide, including at well-known restaurant chains like Applebee's, Denny's, Red Lobster, and Outback Steakhouse, among others.

24.     According to Presto's website, more than a million guests are served daily by its Presto System, and it processes more than a billion dollars annually.



25.     Presto devices incorporating the claimed subject matter of SendSig's '164 Patent have transformed and streamlined the casual dining experience.

26.     Using a Presto device, restaurant guests can order food or beverages directly from the device, and they can order on their own schedule, not the schedule of the wait staff.

27.     Presto devices allow restaurant patrons to pay for their meal with a credit card, debit card, gift card or other payment option (see below).



28.     After completing a payment transaction, restaurant patrons are given the choice of receiving an emailed or printed copy of their receipt.



29.     Presto tablets enable guests to view menu items, play games, view news and entertainment, order food and beverages and 'pay on demand' - giving control over their dining experience.

30.     Featuring interactive capabilities, Presto devices provide a media footprint for direct engagement with customers.  To capitalize on this engagement opportunity, Presto generate revenue by delivering games and entertainment directly to a table and by splitting revenue with the makers of games and applications made available on its Presto Systems.

31.     Presto markets that its Presto devices modernized the restaurant experience by enabling restaurants to collect guest email addresses and engage with guests over social media.

32.     The games and applications on Presto devices are revenue generators.

33.     Presto's profitability is tied directly tied to customer purchases and use of applications and games on Presto devices.

34.     On information and belief, subject to discovery in this case, Presto and its restaurant customers that have deployed Presto systems (such as those listed above) enter into revenue-sharing agreements.

35.     Presto products and services present a display that prompts a user to enter his/her email address to be sent a receipt or to join an email list.



36.     When a character is touched on the keypad on the touchscreen display,

it "pops out" (either the character itself or a group of selected characters).

37.     Presto devices (including but not limited to the Presto Prime EMV<sup>TM</sup>

Tablet) include touch screen displays.



38.   Presto devices display a keypad for use as an input device.

39.   Presto devices feature a touchscreen providing for user input to the Presto POS system.

40.   The Presto device keypad displays one or more sets of characters.

41.   Presto devices include computer executable code (the "Presto Device Software").

42.   Character sets displayed by a Presto device and Presto Device Software allow users to input information that comprises a set of user inputs associated with one or more of the sets of characters, including, for example, an email address.

43.     Presto devices include memory and Presto Device Software for operation of the Presto POS system.

44.     The Presto Device Software, and thus the Presto devices, include a data structure ("Presto Data Structure") that associates sets of user inputs with respective sets of the one or more sets of characters. Thus, the Presto Device Software and Presto devices include the element of "a memory including a data structure, the data structure associating sets of user inputs with respective sets of characters" as recited in claim 19 of the '164 Patent.

45.     The Presto Device Software and Presto Data Structure determine a set of characters associated with a set of user inputs at least when it displays the "pop up" characters displayed to the user and thus include the element of "code that based on the data structure, determines a set of characters associated with the set of user inputs", as recited in claim 19 of the '164 Patent.

46.     The Presto Device Software and Presto devices enable a user to use the displayed keypad to input information (e.g., an email address). Thus, the Presto Device Software and Presto device receives a set of user inputs associated with a set of characters, the set of user inputs received from the user input device (for example, the displayed keypad).

47.     During normal operation of a Presto device running Presto Device Software, a user selects a displayed character (either from the displayed keypad or

the "pop out"). Thus, during normal operation of a Presto device running Presto Device Software, a user can input a set of user inputs from the user input device and thus the Presto Device Software and Presto device perform a step of "receiving a set of user inputs associated with a set of characters" as recited in claim 1 of the '164 Patent and include the element of "code that receives a set of user inputs, the set of user inputs received from the user input device", as recited in claim 19 of the '164 Patent.

48.    The photograph below shows selection of the number "3" on a Presto device during normal operation.



49.     During normal operation as intended by Presto, when a displayed character is selected, the accused Presto Device Software and Presto device cause the selected character (which is from the one or more sets of characters) to be displayed on the Presto device display screen in a size larger than the characters already accepted and displayed on the Presto device display screen.  During normal operation as intended by Presto, when a selected character is displayed in a size larger than the characters already accepted and displayed on the Presto device display screen, it is easier for a user to select among at least some of the characters displayed. Thus, the Presto Device Software and Presto device perform a step of "in a size larger than characters already accepted and displayed by the system, displaying characters from the set of characters", as recited in claim 1 of the '164 Patent, and meet the element of "code that causes at least some characters from the set of characters to be displayed on the display, the at least some characters being displayed in a size larger than characters already accepted and displayed on the display, thereby providing ease of selection among the at least some characters displayed", as recited in claim 19 of the '164 Patent.

50.     For example, in reference to the photograph above, at least the "j", "3", and "e" characters are accepted and displayed characters input to the Presto device display.

51.     During normal operation as intended by Presto, user selection among characters displayed is improved when the accused Presto devices cause the selected character (from the one or more sets of characters) to be displayed in a size larger than the characters already accepted and displayed by the Presto device.

52.     During normal operation as intended by Presto, after a character is selected (and in response to such selection by the user), the Presto Device Software and Presto device cause it to be displayed in a size generally corresponding to the size of those characters already accepted and displayed by the Presto device on the Presto device display.  Thus, the Presto Device Software and the Presto device perform the steps of "receiving a user selection of at least a character from the set of characters" and "in response to the user selection, displaying the character in a size generally corresponding to characters already accepted and displayed by the system", as recited in claim 1 of the '164 Patent.  The Presto Device Software and the Presto device include the element of "code that in response to a user selection among the at least some characters, causes at least a selected character to be displayed, in a size that generally corresponds to the size of characters already accepted and displayed by the system, on the display", as recited in claim 19 of the '164 Patent.

53.     The photographs below demonstrate selection of the "3" character for input, causing it then to be displayed in a size generally corresponding to the size of characters already accepted and displayed by the Presto device.



54.     The Presto POS system is cloud-based and includes Presto servers.

55.     Presto provides technical details about the Presto devices at https://presto.com/restaurant-tablet-ordering-system/.

56.     The information about the Presto devices found at https://presto.com/restaurant-tablet-ordering-system/ accurately describes the normal operation of the Presto devices.

## COUNT I – DIRECT INFRINGEMENT OF THE '164 PATENT

57.     SendSig realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

58.     Presto has directly infringed the '164 Patent in violation of 35 U.S.C. § 271(a) by making, using (including its own use and testing), selling, or offering to sell in the United States, or importing into the United States the Presto POS system, associated software, servers, hardware and software that embody at least claims 1 and 19.

59.     The particular combination of claim elements recited in these claims was not well-understood, routine, or conventional to a skilled artisan in the relevant field at the time of the inventions.

60.     Infringing products include the Presto POS system and other branded solutions with the same or similar features and functionality that satisfy each element of one or more asserted claims.

61.     Technical details about the infringing Presto products and services is available at www.presto.com.

62.     Presto has no authority or license to practice any claim of the '164 Patent.

63.     SendSig is entitled to recover from Presto compensation in the form of monetary damages suffered as a result of Presto's infringement in an amount that

cannot be less than a reasonable royalty together with interest and costs as fixed by this Court.

## COUNT II – INDUCED PATENT INFRINGEMENT OF THE '164 PATENT

64.     SendSig realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

65.     Since the filing of this Complaint giving notice of infringement and details about the acts constituting infringement of the '164 Patent, Presto has actively and intentionally induced the direct infringement by others (namely, restaurants and customers) of at least claims 1 and 19, in violation of 35 U.S.C. § 271(b).

66.     Presto provides instructions that encourage and direct performance of steps and operation that constitute infringement of the '164 Patent.

67.     Presto encourages and directs performance of certain practices by revenue-sharing agreements with restaurants.

68.     Presto's knowledge of the '164 Patent and Plaintiff's infringement allegations against Presto, combined with its knowledge of the Accused Products and how they are used to infringe the '164 Patent, consistent with Presto's promotions and instructions, demonstrate Presto's specific intent to induce Presto's users to infringe the '164 Patent.

69.     SendSig is entitled to recover from Presto compensation in the form of monetary damages suffered as a result of Presto's infringement in an amount that

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

## JURY DEMAND

70.     Plaintiff hereby demands a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

71.     SendSig respectfully requests that the Court find in its favor and against Presto, and that the Court grant the following relief:

a)  Judgment that Presto infringes one or more claims of the '164 Patent;

b)  An accounting and an award to SendSig of damages adequate to compensate Plaintiff for the Defendant's acts of infringement (but in no event less than a reasonable royalty), together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

c)  A finding that this is an exceptional case and an award to Plaintiff for its reasonable attorneys' fees and expenses, in accordance with 35 U.S.C. § 285; and

d)  Any further relief that this Court deems just and proper.

Respectfully submitted this 24th day of May, 2019,

By: */s/ David A. Skeels*

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
David A. Skeels
(Texas Bar No.  24041925)
Enrique Sanchez, Jr.
(Texas Bar No. 24068961)
rsanchez@whitakerchalk.com
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Tel:  817-878-0500
Fax:  817-878-0501
dskeels@whitakerchalk.com

Jennifer Tatum Lee
State Bar No. 24046950
jennifer@connorkudlaclee.com
Kevin S. Kudlac
State Bar No. 00790089
kevin@connorkudlaclee.com
Cabrach J. Connor
State Bar No. 20436390
cab@connorkudlaclee.com

**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile

**ATTORNEYS FOR PLAINTFF**